ITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD KENT, JR. HAUERSPERGER LaFONTAINE, | ) ) ) | |
| Plaintiff, | ) ) | 06-2018 |
| v. | ) ) | |
| THE ANDERSONS GRAIN, INC. and ACCOUNTING COMPANY, | ) ) ) | |
| Defendant. | ) | |

<u>ORDER</u>

      The plaintiff, Edward Kent, Jr. Hauersperger LaFontaine ("LaFontaine") is incarcerated in the Texas Department of Criminal Justice at its facility in Tennessee Colony, Texas. He wishes to file a complaint against the defendant, The Andersons Grain, Inc. and Accounting Company of Mahomet, Illinois ("The Andersons") pursuant to 42 U.S.C. § 1983. LaFontaine seeks leave to proceed without prepayment of fees.

      To authorize a litigant to proceed without prepayment of fees, the court must make two determinations. It must decide first whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). If so, it must then determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A prisoner who has, on three or more previous occasions, filed, while incarcerated, an action that was dismissed as frivolous or malicious, or that failed to state a claim, is barred from proceeding without prepayment of fees unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003).

      LaFontaine claims he has filed "40 plus" lawsuits while incarcerated. The United States District Court, Northern District of Texas, has ruled that LaFontaine has filed more than three cases that were frivolous or failed to state a claim.[1] That court barred LaFontaine from "proceed[ing] *in forma pauperis* in any civil action filed in the United States District Courts, or

---

[1] The plaintiff has filed numerous cases using the names Edward LaFontaine, Edward K. LaFontaine, Edward Kent LaFontaine, Edward Kent Hauersperger, Robert Harris, and Tim Lawson. *LaFontaine v. Mail Room Employees*, 2004 WL 1380521, at *8 n.2 (N.D. Tex. June 21, 2004).

appeal therefrom, unless he first shows that he is in imminent danger of serious physical injury at the time he seeks to file the complaint." *LaFontaine v. Mail Room Employees*, 2004 WL 1380521, at *17 (N.D. Tex. June 21, 2004).

In this case, LaFontaine alleges that the defendant has violated his civil rights by depriving him of the benefits of the stock he owns.[2] He claims he is a general partner of The Andersons, and by depriving him of the benefits of his stock ownership, the defendant has deprived him of his right to happiness and impeded his legal access.

Nothing in the complaint suggests that the defendant has placed LaFontaine in imminent danger of serious physical injury. Consequently, the motion to proceed without prepayment of fees [#1] is denied. This case is terminated.

If LaFontaine wishes to pursue a claim against The Andersons, he may open a new case by submitting (2) the $250 filing fee, and (2) an amended complaint alleging facts sufficient for this court to determine that it has jurisdiction over LaFontaine's claim.

## CONCLUSION

The motion to proceed without prepayment of fees [#1] is denied. This case is terminated.

Entered this 8th day of February, 2006.

**s\Harold A.Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] In order to state a claim pursuant to Section 1983, a plaintiff must allege: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person or persons acting under color of state law." *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Whether or not the alleged actions violated the plaintiff's constitutional rights, there is no indication that The Andersons acted under color of state law.